**HERRIN TRANSPORTATION CO., et al.,**
**Plaintiffs,**

**Central Freight Lines and East Texas Motor Freight Lines, Inc., Intervening Plaintiffs,**

**v.**

**The UNITED STATES of America, Interstate Commerce Commission, and Mercury Freight Lines, Inc., Defendants.**

**C. A. No. 13622.**

United States District Court
S. D. Texas,
Houston Division.

March 19, 1969.

**530**

James Robinson & Starnes, Phillip J. Robinson, Austin, Tex., and Baker, Heard, Elledge & Watkins, A. J. Watkins, Houston, Tex., for intervenors. Central Freight Lines, Inc. and East Texas Motor Freight Lines, Inc.

Anthony J. P. Farris, William B. Butler, Houston, Tex., and William H. Orrick, Jr., Asst. Atty. Gen., Dept. of Justice, Washington D. C., for the United States.

Arthur J. Cerra, I.C.C., Washington, D. C., for the Interstate Commerce Commission.

Rice, Carpenter & Carraway, Drew L. Carraway, Washington, D. C., and Jo E. Shaw, Houston, Tex., for Mercury Freight Lines, Inc.

Before JOHN R. BROWN, Circuit Judge, and HANNAY and INGRAHAM, District Judges.

HANNAY, District Judge:

This case now urged forward alone by intervening plaintiffs constitutes the remains of a multiple party challenge to certificates of public convenience and necessity granted by the Interstate Commerce Commission, Title 49 U.S.C.A. Section 307(a), the I.C.C. Act, Section 207(a), which were thereafter subjected to review by a statutory three-judge court under the authority of Title 28 U.S.C.A. Sections 1336, 1398, 2284, 2321–2325, and Title 5 U.S.C.A. Section 1001 et seq. (The Administrative Procedure Act).[*]

Intervening plaintiffs, Central Freight Lines and East Texas Motor Freight Lines, Inc. (hereafter Central and East Texas respectively) seek here and now to enjoin and set aside a certificate granted by the Commission to Mercury Freight Lines, Inc. (hereafter Mercury) for transshipments between Birmingham, Alabama and Houston, Texas as this authority pertains to, and only as it pertains to, Beaumont, Texas as an intermediate point.

Central and East Texas were permitted to intervene as parties plaintiff by order of the Court entered June 27, 1961. The original complaint in this case was filed on or about May 1, 1961. The original plaintiffs, on or about January 15, 1965, moved to dismiss their complaint in its entirety. This motion was granted by the Court on January 29, 1965.

The Interstate Commerce Commission's order of April 20, 1960 granted certificates of public convenience and necessity to Roadway Express, Inc. and Mercury. By this order, Roadway Express Inc. was granted authority to transport general commodities, with certain exceptions, between Birmingham, Alabama and Dallas and Houston, Texas with no intermediate points. Mercury was granted authority to transport general commodities, with certain exceptions, between Birmingham and Ft. Worth, Texas, serving Dallas as an intermediate point, and between Birmingham and Houston, serving Beaumont, Texas as an intermediate point.

Central and East Texas moved to dismiss their complaint as to the Commission's grant of authority to Roadway Express in August of 1963. This motion was granted by the Court in December of 1963. On or about January 3, 1964 Central and East Texas filed their amended complaint as against Mercury and limited their claim of illegality to the Beaumont intermediate point.

The sequence of procedural events in this case as it is now before the Court in limited scope is material to defendants' motion to dismiss for want of prosecution. The prosecution of their claim by Central and East Texas is characterized by long periods of inaction on their part. After entering the case in main in June

---

[*] Now Title 5 U.S.C.A. Section 551 et seq.

of 1961, they took no affirmative action until after the defendants filed motions to dismiss for want of prosecution in August of 1963. From that time until January of 1965 Central and East Texas did nothing to directly prompt the resolution of their substantive claim. During this period, by the two sets of pleading heretofore mentioned, they merely restricted the scope of their claim to its presently limited nature. Although it is factually contended that Central and East Texas had indicated their readiness to have the case heard in January of 1965, there was nothing else to militate against the progressive stagnation on the docket of their substantive claim.

### I.

Whatever may be the consequences of the delay, the forfeiture of a valid substantive claim is not one of them. Central and East Texas have none in this case.

The patent reason for the Court's acceptance of the intervenor action in 1961 was the then recent and interposing case of T.S.C. Motor Freight Lines v. United States, D.C., 186 F.Supp 777 (August 1, 1960). There, Central and East Texas intervened to challenge the Commission's grant of authority to two motor carriers to operate between Houston and Beaumont-Organge, Texas and reverse. The main application there was for authority to operate *between the cities* (Emphasis added throughout) of Houston and New Orleans, Louisiana with Beaumont as an intermediate point for both applicants. The prior authority for both applicants was for operations north and west of Houston. The motor carriers there based their case strongly on the "tacking" theory (186 F.Supp, at 793) in light of their particular transportation program—that already authorized and that being sought. Such "tacking" is not involved here.

In instant case Mercury had no previous authority to serve either Beaumont or Houston; its operations were principally in Alabama and in parts of Florida. *The pivitol fact deter-* *mination of the Commission, amply supported by the record, was the need for improved transportation services between the Southeast and Texas.* There is abundant evidence in the record of the need for motor carrier service to and from Beaumont by Mercury. The record supports this conclusion as an independent fact and even more cogently as a logical and necessary incident of the particular area wide transportational improvement for which there is a sufficiently indicated need. See: Atlanta-New Orleans Motor Freight Co. v. United States, D.C., 197 F.Supp. 364, 369, where an area wide application which was supported by proof of needed service to a substantial variety of designated points was held not to require precise proof as to every point in the area for which the Commission authorized the requested motor carrier service. Here, additionally, there is evidence in the record as to the inadequacy of existing service between Beaumont and Houston. The Commission's conclusion that the existing motor carriers would not be affected by Mercury's program is supported by the record. Evidence of this was forthcoming from proof that Central and East Texas had a limited schedule regarding Beaumont and that Mercury's operation under a temporary permit had in fact been accompanied by an improvement in East Texas' business in this area. The Commission rejected Shreveport, Louisiana as a point of interchange from Alabama. The incongruity of Shreveport as a locale to best serve the area wide considerations involved in this case is self-evident. The place of Houston as a gateway to an economically burgeoning area of Texas, and of Beaumont as a vital link in any motor carrier route thereto from the Southeast, is equally self-evident and amply supported by the record. T.S.C. Motor Freight Lines v. United States, supra, does not govern or apply here. Nor is it the province of this tribunal to substitute its judgment for that of the Commission on extra-judicial and far reaching technical questions which the Commission was created and empow-

ered to decide. United States v. Pierce Auto Freight Lines, Inc., 327 U.S. 515, 536, 66 S.Ct. 687, 90 L.Ed. 821.

The deference which is due the expertise of the Commission in the area of interstate commerce, American Trucking Associations v. United States, 344 U.S. 298, 73 S.Ct. 307, 97 L.Ed. 337; East Texas Motor Freight Lines v. Frozen Food Express, 351 U.S. 49, 76 S.Ct. 574, 100 L.Ed. 917, is justified, not impugned, by the record in this case. The Commission's action was within the scope of its statutory authority, it is based upon adequate findings, and it is supported by substantial evidence. Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282, 54 S.Ct. 692, 78 L.Ed. 1260; Rochester Telephone Corporation v. United States, 307 U.S. 125, 59 S.Ct. 754, 83 L.Ed. 1147.

## II.

The Court has chosen to reach the merits of the claim of Central and East Texas. It is therefore unnecessary to determine defendants' contention that this action is subject to dismissal for want of prosecution.

The prayer for three-judge injunctive relief by Central and East Texas is denied. The order of the Interstate Commerce Commission, as challenged here, is

Enforced.